UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NATHAN B.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. C23-5820-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

       Plaintiff Nathan B. seeks review of the denial of his application for Disability Insurance Benefits. He contends the ALJ erred in discounting Dr. Gibson's opinion, plaintiff's testimony, and the lay evidence from plaintiff's wife; he further argues that the ALJ violated his right to due process by failing reopen his prior claim and/or *de facto* reopened the prior claim. Dkt. 7. He seeks remand for an award of benefits or, in the alternative, for further administrative proceedings. *Id.* The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

       Plaintiff is currently 37 years old, has at least a high school education, and has worked as a security guard, dispatcher, and protective officer. Tr. 37. Plaintiff first applied for benefits in August 2019; that application was denied, and plaintiff did not seek reconsideration or otherwise

1   pursue the claim. Tr. 50. Plaintiff again applied for benefits in March 2022, alleging disability as

2   of April 26, 2012; he later amended his alleged onset date to February 11, 2016. Tr. 49, 195.

3   After his application was denied initially and on reconsideration, the ALJ conducted a hearing

4   and on July 3, 2023, issued a decision finding plaintiff not disabled. Tr. 17-39. The Appeals

5   Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's

6   final decision. Tr. 1.

7                          **THE ALJ'S DECISION**

8          Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not

9   engaged in substantial gainful activity since the alleged onset date; he had the following severe

10  impairments: adjustment disorder, persistent depressive disorder, insomnia, left shoulder strain,

11  bilateral hip strain, chronic pain syndrome, migraines, and obesity; and these impairments did

12  not meet or equal the requirements of a listed impairment. Tr. 20-22. The ALJ found that

13  plaintiff had the residual functional capacity to perform medium work, except that he could stand

14  and walk for six or more hours and sit for approximately six hours, with additional postural,

15  reaching, handling, and fingering limitations; he was limited to occasional direct public and

16  coworker contact, but with no group-type tasks; and he could not perform work on a moving

17  conveyor belt, nor work requiring hourly quotas. Tr. 26. The ALJ found that plaintiff could

18  perform his past relevant work as a dispatcher and security guard and, in the alternative, that

19  plaintiff could perform other work that existed in significant numbers in the national economy.

20  Tr. 37-39. The ALJ therefore found plaintiff not disabled. Tr. 39.

21

22

23

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

1

**DISCUSSION**

2

**A.    Dr. Gibson's opinion**

3      When considering medical opinions (for applications filed on or after March 27, 2017),

4  the ALJ considers the persuasiveness of the medical opinion using five factors (supportability,

5  consistency, relationship with claimant, specialization, and other), but supportability and

6  consistency are the two most important factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2),

7  (c) (2017). The ALJ must explain in her decision how she considered the factors of

8  supportability and consistency. 20 C.F.R. §§ 404.1520c(b), 416.920c(b) (2017). The ALJ is not

9  required to explain how she considered the other factors, unless the ALJ finds that two or more

10  medical opinions or prior administrative medical findings about the same issue are both equally

11  well-supported and consistent with the record, but not identical. 20 C.F.R. §§ 404.1520c(b)(3),

12  416.920c(b)(3) (2017). The new regulations supplant the hierarchy governing the weight an ALJ

13  must give medical opinions and the requirement the ALJ provide specific and legitimate reasons

14  to reject a treating doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). An

15  ALJ cannot reject a doctor's opinion as unsupported or inconsistent without providing an

16  explanation supported by substantial evidence. *Id.*

17      Philip Gibson, Ph.D., examined plaintiff in October 2019. Tr. 637. He opined that

18  plaintiff would not have difficulty in performing simple and repetitive tasks or detailed and

19  complex tasks or in performing work activities on a consistent basis without special or additional

20  instructions. Tr. 640. He opined that plaintiff would have difficulty accepting instructions from

21  supervisors, interacting with coworkers and the public, maintaining regular attendance and

22  completing a normal workday/work week without interruptions from a psychiatric condition, and

23  in dealing with the usual stress encountered in the workplace. *Id.*

1    The ALJ found persuasive Dr. Gibson's statements that plaintiff was able to perform

2    simple and repetitive tasks and detailed and complex tasks, that plaintiff had limitations on

3    interactions with the public and with coworkers, that plaintiff had limitations regarding stress,

4    and that plaintiff did not require special or additional instructions. Tr. 35. The ALJ found these

5    statements to be supported by Dr. Gibson's findings on mental status examination and consistent

6    with the overall evidence. Tr. 35. The ALJ did not adopt all of these statements in their entirety,

7    instead limiting plaintiff to no conveyor belt work or work requiring hourly quotas to address his

8    limitation regarding stress and limiting plaintiff to only occasional direct public and coworker

9    contact and no group-type tasks. Tr. 35-36.

10    The ALJ found unpersuasive Dr. Gibson's statement that plaintiff would have difficulty

11    accepting instructions from supervisors, finding that the overall evidence, particularly plaintiff's

12    ability to engage in activity involving instructors in his schoolwork, did not support a finding of

13    problems in this area. Tr. 36. And the ALJ found that Dr. Gibson's statement regarding

14    difficulties maintaining regular attendance and completing a normal workday and work week

15    were inherently neither valuable nor persuasive under Social Security regulations and therefore

16    no analysis of that statement was required. Tr. 36.

17    Plaintiff argues that the ALJ did not provide a rational explanation for finding some of

18    Dr. Gibson's statements persuasive but not others. Dkt. 7 at 4. Plaintiff notes that the ALJ did not

19    cite to any conflicting medical opinions to explain her decision and that, although the ALJ

20    acknowledged the VA rating of permanent and total disability, the ALJ stated that it was not

21    binding on her and so she did not provide any analysis of it. *Id.*

22    The new regulations require the ALJ to provide an explanation supported by substantial

23    evidence when rejecting a medical opinion as unpersuasive. *Woods*, 32 F.4th at 792. But plaintiff

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 4

1   has cited to no authority, and the Court has found none, prohibiting an ALJ from finding some

2   statements in an opinion persuasive and others not persuasive, or requiring the ALJ to cite to a

3   conflicting medical opinion as support for rejecting a doctor's opinion. The Court declines to

4   find error in the ALJ's determination that some statements were persuasive and some were not,

5   or in the lack of citation to conflicting medical opinions in making these findings. In addition, the

6   ALJ correctly stated that the VA's disability rating is not binding on the Social Security Agency

7   and that analysis of that decision is not required under Social Security regulations. 20 C.F.R.

8   § 404.1504.

9          Plaintiff argues that it was unreasonable for the ALJ to equate teachers and supervisors

10  when assessing plaintiff's ability to accept instruction from supervisors. Dkt. 7 at 4-5. He asserts

11  that instructors are paid to provide information to students, whereas supervisors direct the

12  activity of people who are paid to work for them. *Id.* But the ALJ is entitled to draw reasonable

13  inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th

14  Cir. 2008). Although plaintiff may disagree, the ALJ could reasonably infer that plaintiff's

15  ability to successfully complete two AA degrees after he stopped working, at least one of which

16  he completed during the alleged disability period (Tr. 53), demonstrated an ability to accept

17  instructions from a person in a position of authority. This was substantial evidence to support the

18  ALJ's finding that this statement was not persuasive.

19         Plaintiff argues that the ALJ incorrectly found that Dr. Gibson's statements about

20  plaintiff's ability to maintain regular attendance in the workplace was inherently neither valuable

21  nor persuasive, because the Commissioner hires medical professionals specifically to provide

22  this type of opinion. Dkt. 7 at 5. Plaintiff relies on *Hill v. Astrue*, 698 F.3d. 1153 (9th Cir. 2012),

23  to argue that this statement was a medical assessment and not a conclusory statement on an issue

1    reserved to the Commissioner. Dkt. 7 at 5. The Commissioner responds that plaintiff's reliance

2    on *Hill* is misplaced because that case was decided under the prior regulatory scheme and

3    because the ALJ in that case failed assign any degree of weight to the opinion, unlike in the

4    present case. Dkt. 9 at 5-6. The Commissioner further argues that any error in the ALJ's analysis

5    of this statement is harmless because the statement was unquantified and failed to define a

6    maximum capacity. *Id.* at 6. The Court agrees with the Commissioner that any error in the ALJ's

7    assessment of this opinion was harmless. Dr. Gibson's statement failed to specify any degree of

8    limitation in this area. The Court therefore cannot say that the ALJ's failure to give weight to it

9    was consequential to the decision. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

10        Plaintiff argues that the ALJ summarized the mixed findings in the medical evidence but

11   improperly focused only on the findings that supported a finding of non-disability, failing to

12   account for the findings that supported Dr. Gibson's opinion. Dkt. 7 at 5-6. As plaintiff notes, the

13   ALJ cited to numerous findings of anxious and depressed mood throughout the record. Tr. 35.

14   But she also listed numerous findings of euthymic mood, full affect, and reports of being

15   cooperative and doing well in school and otherwise. *Id.* The ALJ thus neither ignored nor

16   misstated the evidence of depressed or anxious mood. Rather, the ALJ acknowledged the mixed

17   findings and concluded that the normal findings outweighed the findings of anxious or depressed

18   mood. This was a rational weighing of the evidence and, as such, this Court may not disturb it.

19   *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

20        Plaintiff argues that the ALJ's restatement of Dr. Gibson's opinion about plaintiff's

21   difficulty dealing with stress was disingenuous and was instead a rejection of the limitation Dr.

22   Gibson opined. Dkt. 7 at 6. He asserts that Dr. Gibson opined that plaintiff could not show up on

23   time and be in one place for eight hours, and the ALJ improperly rejected this opinion by

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

replacing it with her own lay opinion. Dkt. 7 at 6. Dr. Gibson opined on plaintiff's ability to deal

with stress as follows: "The claimant would have difficulty dealing with the usual stress

encountered in the workplace. The claimant is experiencing a low stress tolerance." Tr. 640. The

ALJ stated that instead of the words "low stress tolerance" used by Dr. Gibson, she limited

plaintiff to no work on a moving conveyor belt and no work requiring hourly quotas. Tr. 35-36.

Dr. Gibson's statement did not specify any degree of difficulty or provide concrete limitations

that could be directly translated into a residual functional capacity assessment. The ALJ

translated this vague statement into a limitation on the ability to deal with stress that the ALJ

found supported by the evidence. Plaintiff's proposed alternative interpretation, a complete

inability to be on time and stay at work for an eight-hour day, cannot support a finding of error in

the ALJ's assessment of the opinion. *Thomas*, 278 F.3d at 954.

   The ALJ provided explanations supported by substantial evidence for finding some of Dr.

Gibson's statements unpersuasive, and rationally translated the statements she found persuasive

into concrete functional limitations. The Court finds no harmful legal error in the ALJ's

assessment of Dr. Gibson's opinion.

   **B. Plaintiff's testimony**

   Plaintiff argues that the ALJ erred in rejecting his testimony. Dkt. 7 at 7. Where, as here,

the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and convincing

reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An

ALJ does this by making specific findings supported by substantial evidence. "General findings

are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence

undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). In

other words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 7

1   specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony

2   on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."

3   *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

4   The ALJ found that plaintiff's statements were inconsistent with the objective medical

5   evidence and other evidence of record. Tr. 28. The ALJ acknowledged plaintiff's reports of

6   mental difficulties including depression and anxiety, an inability to sit still, and the use of an

7   emotional support dog, as well as objective findings including high scores on assessments of

8   depression and anxiety. *Id.* The ALJ found, however, that there was a significant decrease in

9   depression and anxiety symptoms and scores on depression and anxiety screenings with the use

10   of medication, along with plaintiff's reports of doing well on medication, reports that the

11   medication was helpful and led to decreased problems with irritability and anger, and reports of

12   lack of side effects from the medication. Tr. 28-29.

13   Plaintiff asserts that the ALJ's finding that plaintiff's testimony was inconsistent with the

14   evidence is erroneous on its face, questioning why the ALJ did not believe plaintiff even though

15   she identified treatment records that supported his complaints. *Id.* Dkt. 7 at 8. But this question

16   ignores the full scope of the ALJ's finding, which identified records that both supported and

17   undermined plaintiff's complaints. Tr. 28-29. The ALJ evaluated all this evidence and found that

18   the records that were inconsistent with plaintiff's complaints outweighed those that supported it.

19   In so doing, the ALJ fulfilled her role to resolve conflicts and ambiguities in the evidence.

20   *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Merely pointing to records that support

21   an alternative assessment of plaintiff's testimony is insufficient to undermine the ALJ's analysis.

22   Plaintiff further argues that the ALJ applied an inappropriate "objective evidence test" by

23   evaluating plaintiff's testimony based solely on whether objective evidence supports it. Dkt. 8 at

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 8

7 at 8. However, while a lack of objective medical evidence cannot be the sole reason an ALJ

discounts subjective complaints, it is a relevant factor that the ALJ can consider in her credibility

analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Because the ALJ considered

other factors when assessing plaintiff's testimony, the ALJ did not err by considering the

objective evidence. Plaintiff has not established an error in the ALJ's assessment of the medical

evidence.

Plaintiff argues that the ALJ's finding that medication and treatment helped reduce

plaintiff's symptoms is not a valid reason to discount his testimony because the ALJ failed to

explain how this improvement was sufficient to allow plaintiff to engage in competitive

employment. Dkt. 8 at 9. The ALJ found that plaintiff's reports of improvement with medication

and treatment were inconsistent with his testimony about the severity his mental health

symptoms. Tr. 28-29. The effectiveness of medications is a factor the ALJ may consider in

assessing plaintiff testimony. 20 C.F.R. § 404.1529(c)(3). The ALJ was not required to make a

finding that the medication restored plaintiff's ability to work in order to consider the

inconsistencies between the record and his testimony. The ALJ did not err by considering

plaintiff's reports of improvement with medication and treatment when assessing his testimony.

Plaintiff argues that the ALJ improperly discounted his testimony because of his ability to

engage in basic daily activities. Dkt. 7 at 10. An ALJ may consider a claimant's daily activities

when evaluating his credibility. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The

ALJ may not penalize a claimant for attempting to live a normal life in the face of his limitations.

*See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a

claimant's reported activities and his asserted limitations are an issue of credibility. *Morgan v.*

*Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).

1      Plaintiff points to the ALJ's finding that plaintiff was able to engage in activities such as

2   cleaning, preparing meals, doing the dishes daily, driving daily, shopping weekly, attending

3   church twice a day, volunteering at church, spending time with friends weekly, and collecting

4   coins. Tr. 32. He argues that none of these activities require the completion of a normal workday

5   and plaintiff has never claimed that he can do nothing. Dkt. 10 at 7-8. If this finding were the

6   totality of the ALJ's assessment of plaintiff's daily activities, the Court would agree with

7   plaintiff's argument. However, plaintiff addresses only one sentence in the ALJ's broader

8   assessment of plaintiff's activities. The ALJ also found that plaintiff attended school full time

9   and reported he was doing well in school and in vocational rehabilitation; he reported getting out

10  of the house regularly, engaging in pleasant activities, taking steps to maintain a good

11  relationship with his girlfriend, and driving a car regularly; he reported that he was just a little or

12  not at all limited in activities such as moving a table, pushing a vacuum cleaner, bowling, or

13  playing golf; and he reported working overnight at his church doing basic repairs and

14  maintenance and carrying out every day physical activities and personal care with no problems.

15  Tr. 32. The ALJ could reasonably conclude that these reported activities were inconsistent with

16  plaintiff's testimony of far more limited functioning. The ALJ did not err by considering the

17  totality of plaintiff's daily activities and concluding that they were inconsistent with his

18  testimony.

19      The ALJ gave clear and convincing reasons, supported by substantial evidence, for

20  discounting plaintiff's testimony. The Court finds no error in the ALJ's assessment of plaintiff's

21  testimony.

22

23

C.      **Lay witness evidence**

Plaintiff argues that the ALJ gave insufficient reasons for rejecting the lay witness evidence from plaintiff's wife, Crystal B. Dkt. 7 at 11. The ALJ stated that she reviewed and considered Ms. B's statements but only to the extent they were consistent with the medical evidence of record. Tr. 33.

Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ gives specific, germane reasons for rejecting it. *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2008). Inconsistency with the medical evidence is a germane reason to reject lay witness testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Where an ALJ has provided clear and convincing reasons for finding a claimant not fully credible, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009).

Plaintiff argues that the ALJ gave only a boilerplate reason for rejecting Ms. B's statements and failed to provide valid reasons germane to Ms. B for rejecting them. Dkt. 7 at 11-12. Even if the Court accepts plaintiff's assertion that the ALJ erred by failing to fully articulate the assessment of the medical evidence when discounting Ms. B's statements, the Court cannot say that any such error was harmful. Inconsistency with medical evidence is a valid reason to discount lay witness evidence. And Ms. B's statements were similar to plaintiff's testimony, which the ALJ validly found to also be inconsistent with the medical evidence. Any error was therefore inconsequential to the ALJ's final decision. *Molina*, 674 F.3d at 1122.

D.      **Reopening of prior claim**

Plaintiff requested that the ALJ reopen his prior claim for good cause, asserting that there was new and material evidence. Tr. 50-51. The ALJ denied the request, finding no basis upon

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 11

1    which to reopen the prior claim, including that good cause was not established. Tr. 18. Plaintiff

2    argues that this refusal violated his constitutional right to due process and that the ALJ *de facto*

3    reopened the prior claim. Dkt. 7 at 12-13.

4         A decision not to reopen a prior claim is not a final decision of the Commissioner and

5    therefore not generally subject to judicial review. *Evans v. Chater*, 110 F.3d 1480, 1482 (9th Cir.

6    1997). There is an exception to this rule when a claimant challenges a denial of reopening on

7    constitutional grounds. *Id.* An allegation that a claimant suffered from a mental impairment and

8    was unrepresented is sufficient to assert a colorable constitutional claim. *Id.* at 1483. Because

9    plaintiff makes such an allegation, the Court will consider the merits of plaintiff's due process

10   claim.

11        Under SSR 91-5p, a claimant establishes good cause for failure to file a timely appeal of

12   a denial if he establishes that he lacked the mental capacity for understanding the procedures for

13   requesting review. The factors considered in making this assessment include an inability to read

14   or write, a lack of facility with the English language, limited education, and any mental or

15   physical condition that limits the claimant's ability to do things for himself. SSR 91-5p.

16        Plaintiff argues that his mental circumstances at the time of the prior denial show that he

17   met the last of these criteria from SSR 91-5p. Dkt. 7 at 14. He asserts that Dr. Gibson's

18   observations of hypervigilance, avoidance, sleep difficulty, and low stress tolerance support his

19   claim that he was unable to protect his interests by timely appealing the denial, which was issued

20   around the time of Dr. Gibson's examination. *Id.* The Commissioner responds that in the same

21   year as the denial, plaintiff was participating in vocational rehabilitation and earned an AA

22   degree in automotive repair, all of which the Commissioner argues undermine the claim that

23   plaintiff lacked the mental capacity to understand his appeal rights. Dkt. 9 at 15.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 12

The Court has affirmed the ALJ's finding of nondisability at the time plaintiff's prior claim was denied. Plaintiff has not pointed to evidence sufficient to establish that despite this finding his mental impairments were severe enough that they prevented him from understanding and pursuing his right to appeal the denial. As the Commissioner pointed out, plaintiff was able to successfully engage in schoolwork and complete an AA degree at the time of the prior denial. And Dr. Gibson's observations, in addition to being found unpersuasive by the ALJ, are insufficient to establish that plaintiff was unable to do things for himself. The Court finds that the denial of plaintiff's request to reopen did not violate his constitutional right to due process.

Finally, because the Court has affirmed the ALJ's decision finding that plaintiff was not disabled from his alleged onset date in 2016 through the date of the decision, and because plaintiff's argument for de facto reopening of the prior claim presents no independent basis for remand, the Court need not address plaintiff's argument that the ALJ *de facto* reopened his prior claim.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 20th day of March, 2024.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 13